UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

NATHANIEL HARRIS-SAWYER,　　　　:
　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　:　　　No. 5:18-cv-04682
　　　　　　　　　　　　　　　　　　:
PRRC, INC., *doing business as*　　　　:
*PRICE RITE OF ALLENTOWN*,　　　　:
　　　　　　　　Defendant.　　　　　　:

---

## O P I N I O N

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　**November 1, 2018**
**United States District Judge**

## I.　　BACKGROUND

On October 30, 2018, a state-law negligence Complaint was filed in this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  The Complaint alleges that Plaintiff, Nathaniel Harris-Sawyer, is a citizen and resident of the Commonwealth of Pennsylvania.  The Complaint further alleges that Defendant, PRRC, Inc., is "a corporation duly organized and existing under and by virtue of the laws of the State of Delaware."  There is no allegation in the Complaint as to the location of Defendant's principal place of business.  However, on the Civil Cover Sheet, Plaintiff checked a box indicating that Defendant is either incorporated *or* has its principal place of business in the Commonwealth of Pennsylvania.  Because Plaintiff alleges that the State of incorporation is Delaware, it appears that Defendant's principal place of business is in Pennsylvania thereby defeating diversity jurisdiction.  In the absence of specific allegations that Defendant has its principal place of business outside of Pennsylvania, Plaintiff has failed to establish that this Court has subject matter jurisdiction.  The action will be dismissed unless Plaintiff can show that diversity jurisdiction is proper in this Court.

## II.  ANALYSIS

"A federal court has the obligation to address a question of subject matter jurisdiction sua sponte." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  "It is well established that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206, at 78-79 (1969 & Supp. 2005); *Thomas v. Board of Trustees*, 195 U.S. 207, 210 (1904)).

Section 1332(a)(2) gives federal district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of $75,000[1] and is between "citizens of a State and citizens or subjects of a foreign state. . . ." 28 U.S.C. § 1332(a)(2).  A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1) (emphasis added).  Thus, a corporation may be a citizen of more than one State, and it is necessary for a plaintiff to allege both (1) the corporation's State of incorporation, and (2) the State where the corporation's principal place of business is located.  *See Raab*, 180 F. App'x at 320; *Dalgic v. Misericordia Univ.*, No. 3:16-443, 2016 U.S. Dist. LEXIS 35136, at *1-3 (M.D.

---

[1]     Plaintiff has sufficiently alleged that the damages exceed $75,000.  *See* Compl. ¶¶ 15-19, ECF No. 1.

Pa. Mar. 18, 2016) (dismissing the complaint sua sponte for the plaintiff's failure to allege where the corporate-defendant maintained its principal place of business).

The instant Complaint fails to allege the location of the principal place of business of Defendant PRRC, Inc. Accordingly, this Court is unable to determine whether it has subject matter jurisdiction over this action. The above-captioned case will therefore be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure unless Plaintiff, within twenty-one days, files an amended complaint sufficiently alleging that this Court has diversity jurisdiction.

## III.    CONCLUSION

The above-captioned action was filed in this Court based on diversity jurisdiction. But Plaintiff, by failing to allege the State where Defendant's principal place of business is located, has not established diversity. The action will be dismissed if Plaintiff is unable to demonstrate, through the filing of an amended complaint within twenty-one days, that this Court has subject matter jurisdiction.

A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge